WATSON *v.* STOUT LUMBER COMPANY.

Opinion delivered October 31, 1927.

1. LOGS AND LOGGING—EXTENSION OF TERM FOR REMOVING TIMBER.—
   An instrument conveying timber for a substantial consideration
   with the right to cut and remove same for a 3-year period and
   providing for an extension of time from year to year thereafter
   for 2 years additional, on the payment yearly in advance to the
   owner of the land of a certain sum, *held* as to the extension pro-
   vision not a mere option to purchase, of which time is of the
   essence.

2. LOGS AND LOGGING—EXTENSION OF CONTRACT FOR REMOVAL OF TIM-
   BER.—Under an instrument conveying, for a substantial consid-
   eration, a right to cut and remove timber for a 3-year period,
   with a privilege of extending the time from year to year there-
   after for an additional 2 years, upon payment yearly in advance
   of a specified sum, payment of the money to secure the extension
   within 5 days after the expiration of the 3-year period, and
   before notice by the grantor of an intention to declare a for-
   feiture, *held* a substantial compliance with an agreement enti-
   tling the grantee to an extension of time as against the grantor's
   claim of forfeiture not expressly provided for in the contract.

Appeal from Calhoun Chancery Court; *J. Y. Stevens,* Chancellor; affirmed.

*Compere & Compere* and *J. R. Wilson,* for appellant.

*Gaughan & Sifford,* for appellee.

KIRBY, J. Appellant brought this suit to cancel the original timber deed made by him to the Stout Lumber Company as a cloud upon his title, and to declare a for-feiture of the rights of the grantee to the timber conveyed, and to confirm and quiet his title as against the lumber company, and from the decree dismissing his complaint for want of equity this appeal is prosecuted.

It appears from the testimony that appellant sold the timber on 160 acres of land in Calhoun County to the lumber company for $2,200 cash, and conveyed same by his deed executed on the 13th day of January, 1923, which recites: "For and in consideration of the sum of two thousand two hundred dollars to the parties of the first part paid by the party of the second part, receipt of which is hereby acknowledged, the said parties of the first part

do this day grant, bargain and sell unto the said party
of the second part, and unto its successors and assigns,
all of the timber and trees on the above described lands,
ten inches and over at the stump at the time of cutting.
It is agreed that the party of the second part, the grantee
herein, its successors, heirs or assigns, shall have the
period of three years from the date of this instrument
within which to cut and remove said timber from said
lands, together with the privilege of extending said time
for cutting and removing said timber from year to year
thereafter for an additional two years upon the payment,
yearly in advance, to the owner of said land, a sum of
money equal to the ten per cent. of the purchase price paid
for the timber as hereinabove set out, or said payment
may be made to the credit of the said vendees or the
then owner of said lands in the Bank of Hampton, at
Hampton, Arkansas.''

The appellant testified that he had called at the
bank, where the contract provided the money to be paid
for the extension of time should be deposited, and was
informed by the cashier, on the 14th, that no such deposit
had been received.  He then consulted his attorney, and
had him to notify the lumber company, by letter of Jan.
20, 1926, in which the $220 check was returned, that he
claimed a forfeiture under the deed because of failure to
pay the money within the time required.  This letter
reads as follows:

"January Twentieth, 1926.
"The Stout Lumber Company,
    Thornton, Arkansas.

"Gentlemen: I am returning herewith the check for
$220 which you mailed to Mr. J. L. Watson at Tinsman,
Arkansas.  The money was to be paid to Mr. Watson
on the 13th of January, or deposited to his credit at the
Bank of Hampton.  Mr. Watson did not receive the
money himself on the 13th, and he went to the bank on the
14th, and no money had been deposited there.

"We note that the check was dated January 12, but if
it was written on that date, you evidently let it stay in

your office until the 17th, as Mr. Watson did not receive the check until this week. He lives on a rural route, and, as soon as he received the check, he came down to see me; that is, as soon as he was able to get an engagement with me, and, after considering his legal rights, I advised him to return the check uncollected.

"Mr. Watson advises me to state further that you have forfeited all rights that you have under the timber deed, and that he would like to have you advise me whether you will relinquish any further claim or whether it will be necessary to take court action to clean up his title and get things in shape so that he will not be bothered with any further claim on the part of your company as to his land, or any rights thereto.

"Yours truly."

Appellant had not consulted his attorney about the matter until he received the check for $220, on January 18, made no objection to the payment because it was attempted to be made by check instead of money, and said: "I regarded the contract as forfeited upon the grounds that they had failed to meet the terms of the contract, therefore I returned the check, because it was their timber. They had forfeited the contract. The term mentioned in the timber deed expired on January 13, 1926. The company was to have not to exceed two additional years, if they wanted it, by paying 10 per cent. each year in advance." Had had no correspondence with the company about extending the time for removing the timber.

The court found that the lumber company tendered and offered to pay into the registry of the court $220, being the sum heretofore tendered to the plaintiff, together with 6 per cent. interest thereon from Jan. 13, 1926, and that the plaintiff's complaint should be dismissed for want of equity, which was done.

Appellant contends time was of the essence of the contract, that the provisions for the extension of time for removal of the timber partook of the nature of an option to purchase, and that, to effect such extension, the

grantee would have had to pay the $220 specified, yearly in advance, beginning before the expiration of the three year period, and, not having done so, the court erred in not holding the contract forfeit and canceling it.

The lumber company purchased the standing timber on the lands with the right to enter and remove it, paying therefor the substantial sum of $2,200. It was provided by the terms of the contract that the time for removal of the timber could be extended for two years by payment of 10 per cent. of the purchase price of the timber yearly in advance. There was nothing said in the contract about time being of its essence, nor that purchase right to the timber should be forfeited if it was not removed within the three-year period, or an extension of time effected by payment in advance of 10 per cent. of the purchase price.

It is also undisputed that the appellee wrote its letter, dated on the 12th day of January, 1926, inclosing its check of same date for $220 in payment for the extension of time, the day before the three-year period for removal of the timber expired, and, although the letter, for some unexplained reason, did not appear to have been mailed until the 17th and did not reach appellant, grantor, until the 18th, he had made no complaint of any failure to receive notice of an intention to extend the time or the money for such extension, nor had he manifested any intention of declaring the contract forfeit because the money had not been paid sooner than it was received by him.

In 17 R. C. L. it is said:

"Where, as is frequently the case, agreements carry within themselves a provision for the extension of the time for cutting and removing, it is difficult to lay down rules for their construction, as the question in each case must depend upon the terms of the contract."

In 10 R. C. L. it is said:

"The doctrine of equity being not forfeiture, but compensation, the most vital question in determining

whether a court of equity will grant relief against a penalty or a forfeiture may be said to be the ability and willingness of the party in default subsequently to perform the condition or make compensation for his failure of performance. * * * On account of the impracticality of laying down any definite rule or principle by which it is to be determined whether compensation can be made when the breach consists in something more than the payment of money, it has been stated by some courts that equity will only grant relief against a forfeiture where the condition broken was for the payment of money, this holding being based on the principle that the allowance of interest for the delay forms a certain rule of compensation and is equivalent to payment at the day. * * * In such cases, where compensation can be made, and in the absence of circumstances making such action clearly inequitable, relief (that is, relief against forfeiture) will be granted almost as a matter of course.'' (Section 77).

The purchaser of the timber, with the right to remove it, had paid a substantial consideration, the amount required by the seller, and owned it, till the expiration of the time allowed for removal. He had also paid for the privilege of an extension beyond the three-year period for removal, for two years, upon the further payment of 10 per cent. of the purchase price of the timber yearly in advance. He certainly was the owner of the timber during the three-year period granted for its removal, and could continue his right to the removal of his property for another two years upon compliance with the terms of the contract, and unless he forfeited such ownership and right by the failure to comply with the terms of the contract. Here was an attempt made to pay the money required to be paid in advance before the expiration of the three-year period and an actual delivery of the money specified for such extension within five days after the expiration of the first period for removal, and also before any complaint of the failure to pay the money

sooner, or any intention to declare the contract forfeit for its not having been paid, was made. Not only so, but the grantee came into court upon the grantor's suit for cancellation of the deed and forfeiture of the timber, and renewed his tender of payment of the money required for the yearly extension.

This suit is not one asking relief against a penalty or forfeiture, but one by the grantor invoking the powers of equity to declare a forfeiture, which equity is said to abhor. The doctrine of equity is not for forfeiture, and the most vital question in determining whether a court of equity will grant relief against a penalty or forfeiture is said to be the ability and willingness of the party in default subsequently to perform the condition or make compensation for his failure of performance. The appellee herein not only attempted to pay the money "nominated in the bond" or contract, but actually delivered it to the appellant within five days after the expiration of the first period designated for the removal of the timber, and before the appellant had indicated any intention of declaring a forfeiture for its noncompliance, and, in his answer to the complaint for forfeiture, alleged his willingness and ability to perform the condition or make compensation for his failure of performance, and tendered the money necessary therefor.

We think that this provision of the contract for an extension of the time for removal of the timber was more than a mere option to buy where the consideration is only paid for the time in which to do something else necessary to effect the purchase, the grantee herein having already purchased and paid for the timber, with the right to remove it, and partakes rather of the nature of a condition subsequent, and that, under the circumstances of this case, the payment of the money specified in order to secure the extension for one year, within five days after the expiration of the three-year period designated for its removal, and before any notice by the grantor of an intention to declare a forfeiture, was a substantial

compliance with the condition relating to the extension, amounting to the payment yearly in advance within the meaning of the contract.

The decree is accordingly affirmed.