## PASCHAL *v.* FOSTER.

4-9535                                        241 S. W. 2d 115

Opinion delivered July 2, 1951.

*Crumplet & Eckert, Melvin T. Chambers* and *Dinning & Dinning,* for appellant.

*McKay, McKay & Anderson* and *W. H. Kitchens, Jr.,* for appellee.

HOLT, J. October 20, 1936, appellees procured from Ike Jermany and Nellie Jermany (his wife) a timber deed (on a printed form) to lands in Columbia County. The deed recited in part: "That we, Ike Jermany and Nelly Jermany, his wife, of the County of Columbia, State of Arkansas, for and in consideration of the sum of $500.00, Five Hundred................($................) cash in hand paid, to us by R. S. Foster, R. S. Grayson, Foster-Grayson Lbr. Co., J. B. Lee, the receipt of which is hereby acknowledged, do hereby grant, bargain, sell and convey unto the said Foster & Grayson Lbr. Co. all timber standing or being upon the following lands situated in Columbia County, Arkansas, to-wit: (Description).

containing 1,022 acres, more or less, Granting 4 years
　*at expiration of 4 years Foster-Grayson has right to*
　*pay 10%*
from this date to cut and remove the said timber, also right of
　*purchase price for 4 years by paying one year in*
　*advance to*
way for teams, wagons and trams for hauling said timber, together
　*be deposited in Farmers Bk. & Trust Co., Magnolia,*
　*Ark.*
with free and unobstructed right of Foster-Grayson Lbr. Co., etc."

The indented and italicized portion of the above deed was interlined in ink and for convenience and clarity, we again set it out: "At expiration of four years, Foster-Grayson has right to pay 10% purchase price for four years by paying one year in advance to be deposited in Farmers Bank & Trust Company, Magnolia, Arkansas."

Ike Jermany died March 28, 1937, and the property was partitioned among his heirs. Z. W. Jermany was appointed administrator of his estate.

Appellants, grandchildren of Ike Jermany, sought damages against appellees for the alleged willful, intentional and unlawful cutting of the timber on the property in question.

Appellees answered with a denial and alleged *inter alia* "that Ike Jermany and wife, October 20, 1936, executed timber deed conveying all timber on land described in complaint and other lands to defendants for four years with option to extend same an additional four years; the option was exercised for an additional three years, and said timber deed was in full force and effect as to all heirs of Ike Jermany until October 20, 1943.

"On or about October 20, 1941, defendants negotiated with some of heirs of Ike Jermany for extension of that timber deed for an additional five years from October 20, 1943, and during the negotiations, learned that some of the Ike Jermany heirs, including plaintiffs, were minors, and defendants decided to cut and remove the timber on lands so allotted to plaintiffs prior to October 20, 1943, and not thereafter."

A jury trial resulted in a verdict in favor of appellees and from the judgment comes this appeal.

It appears from the evidence that appellees did not cut any of the timber on the lands in question during the four year primary period named in the timber deed, but did thereafter cut and remove the timber in 1942 and 1943, all within three years from the primary period. The evidence showed that appellees, after Ike Jermany's death, by check, on October 7, 1940, deposited $150 in the "Farmers Bank & Trust Company, Magnolia, Arkansas" to an account designated "Estate of Ike Jermany, deceased, and Nellie Jermany" in payment for an extension of three years beyond the four year primary period covered by the deed.

Appellants say: "The only question of law involved on this appeal is whether or not the appellees made a

valid exercise of the option contained in the original timber deed by depositing the amount required in the Farmers Bank & Trust Company to an account 'Estate of Ike Jermany, deceased, and Nellie Jermany.' ''

Appellees ''contend that the clause, 'At expiration of four years, Foster-Grayson has right to pay 10% purchase price for four years by paying one year in advance to be deposited in Farmers Bank & Trust Company, Magnolia, Arkansas,' was more than a mere option to buy, and the deposit of the amount required in the Farmers Bank & Trust Company was a valid exercise of this right.''

The above option clause for extension of time was, we hold, more than an option to purchase since appellees had already purchased and paid a valuable consideration, —$500,—for the timber and this consideration included not only the purchase of the timber and the right to remove it, but also the right of extension as provided in the option clause.

What was said by this court in *Watson* v. *Stout Lumber Company*, 175 Ark. 240, 298 S. W. 1010, in which an extension provision in a timber deed was construed, applies with equal force here: ''We think that this provision of the contract for an extension of the time for removal of the timber was more than a mere option to buy where the consideration is only paid for the time in which to do something else necessary to effect the purchase, the grantee herein having already purchased and paid for the timber, with the right to remove it, and partakes rather of the nature of a condition subsequent. * * *

''The purchaser of the timber, with the right to remove it, had paid a substantial consideration, the amount required by the seller, and owned it, till the expiration of the time allowed for removal. He had also paid for the privilege of an extension beyond the three-year period for removal, for two years, upon the further payment of 10 per cent of the purchase price of the timber yearly in advance. He certainly was the owner of the timber during the three-year period granted for its removal, and could continue his right to the removal of

his property for another two years upon compliance with the terms of the contract, and unless he forfeited such ownership and right by the failure to comply with the terms of the contract.''

Here, appellees, by depositing $150 to the account of ''Estate of Ike Jermany, deceased, and Nellie Jermany'' in the ''Farmers Bank & Trust Company, Magnolia, Arkansas,'' substantially, if not literally, complied with the above option provision, and gave them a three-year extension beyond the primary period of four years.

While the evidence is not clear that this money has ever been paid to appellants, or their legal representative, the fact remains that it was deposited in the bank for the estate and if appellants have not received it, it is still there, subject to their order. In the circumstances, the bank occupied the position of a depository for the money and not appellants' agent.

Of strong significance is the fact that on October 20, 1941, a year after the primary term for cutting and removing the timber expired, appellants, including Z. W. Jermany, individually and as administrator of the estate of Ike Jermany, executed and signed an extension agreement, extending the time for cutting and removing the timber on the lands for five years from that date. In this extension agreement, appellants and the administrator acknowledged that the time for cutting and removing the timber ''expires on October 20, 1943, and this is a five year extension which will make deed read expiration date October 20, 1948.''

This would indicate that appellants must have known that appellees had done all that was necessary for extending the time for cutting and removal for three years, which would include the $150 deposit in the bank.

Appellants complain that they never had any notice of this $150 deposit. The answer is that notice was not required by the terms of the timber deed. As indicated, in the circumstances, all that was required was that appellees ''pay 10% purchase price for four years by paying one year in advance to be deposited in Farmers Bank &

Trust Company, Magnolia, Arkansas." Appellees complied with this provision, paying for a three-year extension.

Finding no error, the judgment is affirmed.